Bruce D. Tingey, Esq.
Nevada Bar No. 5151
Justin L. Dewey, Esq.
Nevada Bar No. 14508
Tingey Injury Law Firm
817 S. Main Street
Las Vegas, Nevada 89101
Telephone: (702) 333·0000 Facsimile: (702) 333·0001 shane@tingeylawfirm.com
eservice@tingeylawfirm.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TANAPONG PARAKAWONG NA AYUTDHAYA and TEERANAI PARAKAWONG NA AYUTDHAYA,<br><br>Plaintiffs,<br>vs.<br><br>JAMES PATRICK BROGAN,<br><br>Defendant. | Case No: 2:23-cv-00754-JAD-BNW |

STIPULATION AND ORDER TO EXTEND DISCOVERY
(FIRST REQUEST)

COMES NOW Plaintiffs TANAPONG PARAKAWONG NA AYUTDHAYA ("the son")  and TEERANAI PARAKAWONG NA AYUTDHAYA ("the father," recently deceased) , and Defendant JAMES PATRICK BROGAN, by and through their respective counsel of record, and herein stipulate, agree and make joint application to extend the discovery period for nine (9)  months. The extension is to allow time for an estate to be established on behalf of Plaintiff TEERANAI PARAKAWONG NA AYUTDHAYA, who is believed to have died on January 3, 2024.

…

…

…

1

I.      INTRODUCTION

Plaintiffs' claims arise out of a motor vehicle collision on May 6, 2022. Plaintiffs' filed their Complaint in the District court of Clark County, Nevada on March 1, 2023. Defendant JAMES PATRICK BROGAN removed this matter to the United States District Court for the District of Nevada on May 12, 2023. Pursuant to the Joint Discovery Plan and Scheduling Order filed on September 27, 2023, discovery is currently set to close on May 15, 2024. Dispositive motions must be filed no later than June 14, 2024, and the Joint Pretrial Order must be filed by July 15, 2024, if no dispositive motions are filed or 30 days after dispositive motions are filed.

The parties have just learned of the death of Plaintiff TEERANAI PARAKAWONG NA AYUTDHAYA ("the father"), who passed away in January, 2024. Due to the death of Plaintiff TEERANAI PARAKAWONG NA AYUTDHAYA, and the time required to establish an estate and petition the probate court for an appointment of a special administrator, and then then conduct discovery; the parties have agreed to extend the close of discovery deadline by nine (9) months.

II.     DISCOVERY COMPLETED TO DATE

1. Plaintiffs served their initial Interrogatories, Requests for Admissions, and Requests for Production to Defendant on November 9, 2023;
2. Defendant James Patrick Brogan served his initial Interrogatories, Requests for Admissions, and Requests for Production to Plaintiffs on December 15, 2023;
3. Defendant James Patrick Brogan served his responses to Plaintiff's Initial Interrogatories, Requests for Admissions, and Requests for Production on December 20, 2023;
4. Plaintiff Tanapong Parkawong Na Ayutdhaya ("the son") served his responses to Defendant's First Set of Interrogatories, Requests for Admissions and Requests for Production on January 12, 2024;
5. Plaintiffs served their First Supplement to Initial Disclosures on January 16, 2024

III.    DISCOVERY REMAINING

1. Deposition of Defendant JAMES PATRICK BROGAN (scheduled for January 24, 2024);
2. Depositions of Plaintiff TANAPONG PARAKAWONG NA AYUTDHAYA and Special Administrator for the Estate of Plaintiff TEERANAI PARAKAWONG NA AYUTDHAYA;

2. Plaintiffs' responses to Defendant's initial Interrogatories, Requests for Admissions, and Requests for Production

3. Depositions of Plaintiffs' Treatment Providers

4. Subpoena of additional medical and claim history records

5. Retention of expert witnesses;

6. Depositions of expert witnesses;

IV. REASONS WHY DISCOVERY SHOULD BE EXTENDED

Nevada District Court Local Rule 26-3 provides that the parties must show good cause for a discovery extension. A showing of good cause includes the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The good cause inquiry often focuses on the movant's diligence. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000). If a party cannot reasonably meet a discovery deadline despite the diligence of the party seeking the extension, then good cause to extend a discovery deadline exists. *Johnson*, 975 F.2d at 609.

The parties seek the extension of the discovery deadline to allow the estate to be set up for Plaintiff Teerani Parakawong Na Ayutdhaya, to allow for a special administrator to be appointed to participate in the litigation. This will all the parties to better assess the circumstances surrounding the claims investigation, and Plaintiffs' damages, through the depositions of the parties and designated representative, percipient witnesses, Plaintiff's treating physicians and expert witnesses.

Nevada District Court Local Rule 26-3 provides that if a request to extend a deadline is made after the subject deadline has passed then it will not be granted unless the moving party demonstrates that the failure to meet the deadline was the result of excusable neglect. In *Clark v. Coast Hotels & Casinos, Inc*., the Nevada Supreme Court adopted the Black's Law Dictionary definition of excusable neglect as a failure " to take some proper step at the proper time, not because of the party's own carelessness, inattention, or willful disregard of the court's process, but because of some unexpected or unavoidable hindrance or accident or because of reliance on the care and vigilance of the party's counsel or on a promise made by the adverse party." 130 Nev. 1164 (2014). Moreover, the Ninth Circuit has held that "the determination of whether neglect is excusable is an equitable one that depends on the following factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223-24 (9th Cir. 2000).

3

Here, the parties have been actively engaged in discovery. The parties have been diligent in their discovery efforts, but the death of Plaintiff Teerani Parakawong Na Ayutdhaya prevents additional discovery from taking place until a special administrator has been appointed. The parties do not seek to cause undue delay by requesting to extend these deadlines; rather, the parties seek to have sufficient time to assess all sides of liability to obtain a resolution on the merits. As such, inability to complete discovery in the original time frame was not because of any inaction of the parties but rather because of the complexity of Plaintiffs' alleged injuries and the nature of their claims.

V. PROPOSED SCHEDULE FOR COMPLETE DISCOVERY

|  | Current Deadline | Proposed Deadline |
|---|---|---|
| Add Parties/ Amend Pleadings | February 16, 2024 | November 15, 2024 |
| Expert Disclosures | February 16, 2024 | November 15, 2024 |
| Rebuttal Expert Disclosures | March 18, 2024 | December 18, 2024 |
| Close of Discovery | May 15, 2024 | February 14, 2025 |
| Dispositive Motions | June 14, 2024 | March 14, 2025 |
| Joint Pretrial Order | July 15, 2024 | April 15, 2025 |

The parties have entered this Stipulation in an effort to complete discovery and potentially resolve the matter. It is not the intent of the parties to delay the conclusion of this matter. The parties wish to obtain any and all necessary information, through formal discovery, to evaluate this case for further settlement purposes and to prepare the case for trial. No trial date has been scheduled. The parties have acted in good faith in this matter in terms of complying with discovery deadlines but require additional time for discovery.

Dated this 25th day of January 2024.

Tingey Injury Law Firm

/s/ Bruce D. Tingey
_____
Bruce D. Tingey, Esq.
Nevada Bar No. 5151
817 S. Main Street
Las Vegas, NV 89101
Attorney for Plaintiffs

Dated this 25th day of January 2024.

Barron & Pruitt

/s/ Joseph Meservy
_____
Joseph R. Meservy, Esq.
Nevada Bar No. 14088
3890 West Ann Road
North Las Vegas, NV 89031
Attorney for Defendant

The Court notes that rather than comply with LR IA 6-2 ("a signature block on which the court or clerk can endorse approval of the relief sought... must not begin on a separate page; it must appear approximately 1 inch below the last typewritten matter"), the parties have attached a separate order granting the stipulation. This is unnecessary. The parties are instructed that all future filings must comport with the Local Rules, failure to comply in the future will result in the Court summarily denying the parties' stipulation.   IT IS SO ORDERED

DATED:  8:00 am, January 26, 2024

4

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE